Aidan W. Butler (SBN 208399)
Attorney at Law
3540 Wilshire Boulevard, Suite 1030
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff JOAN A. DEMAREST

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN A. DEMAREST, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>QUICK LOAN FUNDING, INC., etc.,,<br><br>  Defendants. | CASE NO. CV09-1687 MMM (SSx)<br><br>**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATIONS OF AIDAN W. BUTLER AND JOAN A. DEMAREST**<br><br>**[[PROPOSED] TEMPORARY RESTRAINING ORDER SUBMITTED CONCURRENTLY]** |

COMES NOW plaintiff JOAN A. DEMAREST (hereinafter "Plaintiff") and applies ex parte for an temporary restraining order and order to show cause re preliminary injunction barring any and all of the defendants herein from conducting a trustee's sale on Plaintiff's home, located at 6568 Sheltondale Avenue, West Hills, CA 91307, Assessor's Parcel Number 2034-019-034, more fully described as:

>  LOT(S) 6 OF TRACT NO. 21893, IN THE CITY OF LOS ANGELES,
>  COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP
>  RECORDED IN BOOK 658, PAGE(S) 27 TO 32 INCLUSIVE OF MAPS,
>  IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

1  The trustee's sale is now scheduled for March 24, 2009, at 10:30 am.

2  Plaintiff's ex parte application will be based upon this notice, the attached points and authorities, the supporting declarations of Plaintiff's counsel and of Plaintiff, and the exhibits thereto, as well as the verified complaint, and the proposed temporary restraining order and order to show cause.

As set forth in the attached Declaration of Aidan Butler, Plaintiff attempted to resolve this matter by stipulation prior to filing.

A similar T.R.O. was granted in the Superior Court of California prior to removal to this Court.

DATED: March 20, 2009              Respectfully submitted,


                                   By:    /S/ Aidan W. Butler
                                          Aidan W. Butler
                                          Attorneys for Plaintiff
                                          JOAN A. DEMAREST

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL BACKGROUND.

This action was originally filed in California Superior Court, Central District, on February 23, 2009. That same day, Hon. James C. Chalfant granted a temporary restraining order and an order to show cause re preliminary injunction. On the deadline for defendants to file their opposition to the O.S.C., counsel for defendants HSBC, OCWEN and MERS removed the case to this Court. The trustee's sale was postponed from Febraury 24, 2009, to March 24, 2009, and has not been postponed since. Thus, in order to avoid foreclosure, Plaintiff must again apply for a T.R.O.

## II. FACTUAL BACKGROUND.

The factual background is set forth in the attached Declaration of JOAN A. DEMAREST. For the sake of brevity, the facts are not restated here.

## III. EX PARTE ACTION IS APPROPRIATE IN THIS CASE.

There is now a trustee's sale scheduled for the morning of March 24, 2009. Plaintiff could not have a noticed hearing in the time remaining before that date. Plaintiff has lived in the Subject Property as her sole residence since 1998.

## IV. DEFENDANTS DID NOT COMPLY WITH CIVIL CODE SECTION 2923.5.

The State Legislature enacted Civil Code section 2923.5 in the face of the continuing foreclosure crisis.

The relevant subparagraph (C) provides,

"(c) If a mortgagee, trustee, beneficiary, or authorized agent had already filed the notice of default prior to the enactment of this section and did not subsequently file a notice of rescission, then the mortgagee, trustee,

1    EX PARTE APPLICATION

Case 2:09-cv-01687-MMM-SS    Document 4    Filed 03/20/2009    Page 4 of 15

beneficiary, or authorized agent shall, as part of the notice of sale filed pursuant to Section 2924f, include a declaration that either:

"(1) States that the borrower was contacted to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure."

[...]

While the declaration submitted by OCWEN purports – without any specificity – to comply with this section, Plaintiff vehemently denies this. See the attached Declaration of Plaintiff.

## V. BASED UPON QL'S VIOLATIONS OF THE TRUTH IN LENDING ACT, PLAINTIFF HAS DULY EXERCISED HER RIGHT TO RESCISSION.

The Truth in Lending Act provides consumers with a right to rescission under certain types of non-purchase money transactions involving their homes. 15 U.S.C. §1635 (a) provides, in pertinent part,

"Except as otherwise provided in this section, in the case of any consumer credit transaction . . . in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing *the material disclosures required under this subchapter,* whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so." (Italics for emphasis.)

The three-day deadline is extended to three years, however, when certain material disclosures are never made. As stated in *Pacific Shore Funding v. Lozo* (2006) 138 Cal.App.4th 1342, 1350, 42 Cal. Rptr. 3d 283, "If any required

disclosures are not given, the borrower's right to rescind is extended from three days to three years after the date of consummation of the transaction." (Citing *inter alia* 15 U.S.C. §§1635(a) & (f); 12 C.F.R. § 226.23(a)(3) (2006)).) The court adds, "Thus, 'a single violation of TILA, whether it be substantive or technical, extends a borrower's period for rescission.'" (Quoting from Wiggins v. Avco Financial Services (D.D.C. 1999) 62 F. Supp. 2d 90, 94.) Here, the date of consummation could not have been earlier than April 26, 2006, the date that Plaintiff signed the deed of trust. Even if the date of consummation is deemed to be the earlier February 2006 date, the three year period has not passed.

In this case, there were two central problems: 1) Plaintiff was never provided a notice of right to cancel, and 2) certain money due Plaintiff – totaling $4,226.70 – was never paid to Plaintiff, and as a result, the disclosed finance charge and APR are materially inaccurate. Either problem would constitute a sufficient basis for rescinding.

**A. PLAINTIFF WAS NEVER PROVIDED A NOTICE OF RIGHT TO CANCEL.**

As stated by the court in Semar v. Platte Valley Federal Savings & Loan Association (9th Cir. 1986) 791 F.2d 699, 701-702, "If the lending institution omits the expiration date and fails to cure the omission by subsequently providing the information, the borrower may rescind the loan within three years after it was consummated." Moreover, "the Ninth Circuit has held that the TILA and accompanying regulations must be 'absolutely complied with and strictly enforced.'" Phleger v. Countrywide Home Loans, Inc. (N.D. CA 2007) 2007 U.S. Dist. LEXIS 86413, at p. 12.

Although HSBC/OCWEN/MERS were not the original lender, 15 U.S.C. section 1641(c) provides, "Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of

1 the obligation." Congress recognized that "[w]ithout such protection for the
2 consumer, the right of rescission would provide little or no effective remedy." (*Truth
3 in Lending Simplification and Reform Act: Report of the Comm. on Banking, Housing
4 and Urban Affairs, U.S. Senate to accompany, S. 108*; S. Rep. No. 73, 96th Cong., 1st
5 Sess. 18 reprinted in 1980 U.S.C.C.A.N. 281, 296. *Accord* S. Rep. No. 96-368, 96th
6 Cong., 2d Sess. 32-33, reprinted in 1980 U.S.C.C.A.N. 236, 238 (intent of
7 amendment is to "eliminate ambiguity on the question of assignee liability for
8 rescission by stating explicitly that a consumer's exercise of this right is effective
9 against an assignee. Without such protection for the consumer, the right of rescission
10 would provide little or no remedy.)

11       Based upon the violations of the Truth in Lending Act, Plaintiff has served,
12 pursuant to 15 U.S.C. §1635(a), a notice of cancellation. However, none of the
13 defendants refunded a single penny of the finance charge collected from Plaintiff, as
14 is required under the Truth in Lending Act.

15       As set forth in 15 U.S.C. §1635(b), "When an obligor exercises his right to
16 rescind under subsection (a) of this section, he is not liable for any finance or other
17 charge, *and any security interest given by the obligor, including any such interest*
18 *arising by operation of law, becomes void upon such a rescission*." (Italics
19 emphatic.)

20       Therefore, since the security interest relied upon by HSBC/OCWEN/MERS
21 and its trustee, AZTEC, is void by operation of law, the trustee's sale cannot proceed.

22

23       **B. THE FINANCIAL MISDISCLOSURES WERE MATERIAL.**
24       15 U.S.C. 1602(u) provides this definition: "The term 'material disclosures'
25 means the disclosure, as required by this subchapter, of the annual percentage rate,
26 the method of determining the finance charge and the balance upon which a finance
27 charge will be imposed, the amount of the finance charge, the amount to be financed,
28 the total of payments, the number and amount of payments, the due dates or periods

of payments scheduled to repay the indebtedness, and the disclosures required by section 1639 (a) of this title."

The loan documents in this case reflect that $4,226.70 of the amount due was never paid to Plaintiff. Since this amount was never paid to Plaintiff, it should have been discounted from the "amount financed," and also added to the "finance charge." The non-payment of that amount would materially affect the APR beyond the .25% allowable deviation for irregular (e.g., adjustable rate) transactions set forth in Regulation Z §226.22(a)(3).

As additional violations of TILA, at no time was Plaintiff given a copy of the *Consumer Handbook of Adjustable Rate Mortgages* required under Civil Code section 1921(b), and also required under Regulation Z §226.19(b). Further, none of the documentation provided to Plaintiff included an example of the payment terms that would result from an increase in the rate, as required under Regulation Z §226.18(f)(1).

Based upon the foregoing, Plaintiff has served, pursuant to 15 U.S.C. §1635(b). However, none of the defendants refunded a single penny of the finance charge collected from Plaintiff, as is required under the Truth in Lending Act.

In fact, OCWEN posted the notice of trustee's sale well after Plaintiff mailed her Notice of Rescission.

## VI. A PRELIMINARY INJUNCTION IS APPROPRIATE TO MAINTAIN THE STATUS QUO PENDING TRIAL OF THIS MATTER.

Federal Rule of Civil Procedure 65 authorizes trial courts to issue preliminary injunctions and temporary restraining orders. The purpose of injunctive relief is to preserve the parties' relative positions until a trial on the merits can be held. E. & J. Gallo Winery v. Adina Licores S.A. (9th Cir. 2006) 446 F.3d 984, 990.

Parties seeking injunctive relief must show either 1) a combination of probable success on the merits and the possibility of irreparable harm, or 2) that serious

questions are raised and that the balance of hardships tips sharply in their favor. <u>Faith Center Church Evangelistic Ministires v. Glover</u> (9th Cir. 2006) 462 F.3d 1194, 1201-1202.

A party seeking an injunction "need not demonstrate that he will succeed on the merits, but must at least show that his cause presents serious questions of law worthy of litigation." <u>Topanga Press, Inc. v. City of Los Angeles</u> (9th Cir. 1993) 989 F.2d 1524, 1528, cert. denied, 511 U.S. 1030, 114 S.Ct. 1537, 128 L.Ed. 29 190 (1994).

In this case, Plaintiff has shown a strong probability of success on the merits; the documents from the escrow company and the final settlement statement show a discrepancy which amounts to a material misdisclosure under TILA. Aside from the lack of provision of the notice of right to cancel, this alone is a sufficient basis for rescinding. After rescission, there is no security interest left upon which to foreclose.

Further, the balance of hardships tips drastically in favor of Plaintiff. The Subject Property has been her sole residence since 1998. If foreclosure occurs, Plaintiff may forever lose her home. Conversely, HSBC would hardly suffer any harm at all from being unable to foreclosure for a few months while the case awaits trial.

### VII. CONCLUSION.

For all of the foregoing reasons, plaintiff JOAN A. DEMAREST respectfully requests that the Court issue a temporary restraining order restraining defendants from conducting a trustee's sale of the Subject Property and an order to show cause re preliminary injunction.

DATED: March 20, 2009                    Respectfully submitted,


                                         By:   */S/ Aidan W. Butler*
                                               Aidan W. Butler
                                               Attorneys for Plaintiff
                                               JOAN A. DEMAREST

## DECLARATION OF JOAN A. DEMAREST

I, JOAN A. DEMAREST, declare and state:

1) I am over the age of eighteen, and the plaintiff in this case. I have personal knowledge of the following facts, and if called upon as a witness, I could and would testify truthfully thereto.

2) I live at 6568 Sheltondale Ave., in West Hills, CA 91307. I bought that house in 1998, and have been the sole owner ever since. It has been my only residence since.

3) In around December, 2005, I refinanced the property because I needed money for a medical procedure. I applied for an adjustable rate loan through QUICK LOAN.

4) At no time was I given a copy of the Consumer Handbook of Adjustable Rate Mortgages. Also, none of the documentation provided to me showed an example of the payment terms that would result in an increase in the rate. I did not know I was entitled to those things. I signed an ARM note and a deed of trust on around Dec. 23, 2005. A true and correct copy of the deed of trust is attached hereto as Exhibit "1," and is incorporated herein by this reference.

5) Also, I was never given a Notice of Right to Cancel the transaction.

6) The amended final loan statement, dated January 9, 2006, indicated a "balance due" to me of $40,794.73. A true and correct copy of the statement is attached hereto as Exhibit "2," and is incorporated herein by this reference. Correspondence from the escrow company dated the same day referred to a wire transfer of $36,568.03 – a difference of $4,266.70. A true and correct copy of the letter from PLATINUM ESCROW is attached hereto as Exhibit "3," and is incorporated herein by this reference. The difference was never made up, and was not reflected in the Truth In Lending act Disclosures. The escrow company eventually sent me a check for $1,300.00, but it bounced.

7) In 2007, due to more health problems, I was unable to work, and fell behind

1  in my loan payments.

2  　8) When I learned about the discrepancies in the loan documents and the
3  lender's failure to comply with the law, I sent a Notice of Rescission to the original
4  lender and OCWEN, the servicer.  A true and correct copy of the notice of rescission
5  is attached hereto as Exhibit "4," and is incorporated herein by this reference.

6  　9) I am aware that I may have to tender back the amount of money I obtained
7  from the original lender, minus certain finance charges, in order to finalize a
8  rescission.  I do not have that money now because it was used to pay off the prior
9  loan.  But I believe I have sufficient equity in the home to accomplish this.  I am
10 again gainfully employed, my home is in great condition, and – if the deed of trust is
11 rescinded — I will almost certainly be able to refinance.

12 　10) According to the trustee's telephone update system, the trustee's sale is
13 now scheduled for March 24, 2009, at 10:30 am.

14 　12) Before I filed this case, both I and my attorney attempted to contact
15 OCWEN to discuss possibilities for loan modification.  They did not respond.

16 　13) AZTEC or OCWEN posted a Notice of Trustee's sale on my garage on
17 February 5, 2009.  A true and correct copy of the notice is attached hereto as Exhibit
18 "5," and is incorporated herein by this reference.  Along with the Notice was a
19 declaration of compliance with Civil Code section 2923.5.  A true and correct copy of
20 the declaration is attached hereto as Exhibit "6," and is incorporated herein by this
21 reference.  This declaration is simply wrong.  No one representing OCWEN (or
22 HSBC or AZTEC or MERS) contacted me to assess my financial condition, or to
23 explore options for avoiding foreclosure.

24 　14) Since obtaining my loan from QUICK LOAN FUNDING, I learned that the
25 California Corporations Commissioner has revoked their lender's license.  A true and
26 correct copy of the Order is attached hereto as Exhibit "7," and is incorporated herein
27 by this reference.

28 　15) I have also learned that the Commissioner has sought an order taking

1  possession of PLATINUM escrow's trust funds and records. A true and correct copy
2  of the Commissioner's Demand is attached hereto as Exhibit "8," and is incorporated
3  herein by this reference.

5      I declare under penalty of perjury under the Laws of the United States of
6  America and the State of California that the foregoing is true and correct. Executed
7  March 20, 2009, in Los Angeles, California.

                                     */S/ Joan A. Demarest*
                                     JOAN A. DEMAREST

## DECLARATION OF AIDAN W. BUTLER

I, Aidan W. Butler, declare and state:

1) I am an attorney at law, duly licensed to practice before all of the Courts of the State of California, and duly admitted to practice in the U.S. District Court for the Central District of California. I have personal knowledge of the following facts, and if called upon as a witness, I could and would testify as to their veracity.

2) This action was originally filed in California Superior Court, Central District, on February 23, 2009. That same day, Hon. James C. Chalfant granted a temporary restraining order and an order to show cause re preliminary injunction. On the deadline for defendants to file their opposition to the O.S.C., counsel for defendants HSBC, OCWEN and MERS removed the case to this Court. The trustee's sale was postponed from Febraury 24, 2009, to March 24, 2009, and has not been postponed since.

3) On several times since that date, I attempted to contact counsel for HSBC/OCWEN/MERS to explore possibilities for stipulating to further postponements of the trustee's sale. No one returned my calls. On March 19, 2009, I left voice mail for Jennifer Lallite of Hauser & Allison, reminding her of the upcoming March 24, 2009, trustee's sale, and explaining that if I did not hear back from her, I would have to file a new ex parte application in this matter. On March 20, 2009, I spoke with another attorney from the same firm, Mr. Piccuta, informing him of the same thing.

4) In the State Court, the trustee – AZTEC – filed a declaration of non-monetary status.

5) QUICK LOAN FUNDING is the original lender. According to the California Secretary of State's website, their agent for service of process resigned. All attempts to contact that company have been futile; its phones have been disconnected.

6) Thomas Borchard, Esq., is agent for service of process of PLATINUM

COAST escrow.  That company has no interest in the subject of this ex parte application, and did not appear in the case while it was in the California court.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.  Executed March 20, 2009, in Los Angeles, California.

*/S/ Aidan W. Butler*
Aidan W. Butler

# **PROOF OF SERVICE**

STATE OF CALIFORNIA     )
                        )
COUNTY OF LOS ANGELES )

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 years of age, and am not a party to the within action; my business address is 3540 Wilshire Boulevard, Suite 1030, Los Angeles, California 90010.

    On February 26, 2009, I served the foregoing document, described as set forth below on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes, at Los Angeles, addressed as follows:

DOCUMENT SERVED : **EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATIONS OF AIDAN W. BUTLER AND JOAN A. DEMAREST; [PROPOSED] TEMPORARY RESTRAINING]**

PARTIES SERVED     :

**[SEE ATTACHED SERVICE LIST]**

[ X ] (BY REGULAR MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is
more than one day after date of deposit for mailing in affidavit.

[   ] (BY PERSONAL SERVICE) I caused such envelope to be personally delivered by hand to the offices of the addressee(s).

[ X ] (BY FAX MACHINE) The foregoing document was transmitted to the above-named persons by facsimile transmission from (213) 388-5178 on said date and the transmission was reported as complete and without error

[ X ] (FEDERAL) I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

    EXECUTED at Los Angeles, California on March 20, 2009

                                          */S/ Aidan W. Butler*
                                          Aidan Butler

## SERVICE LIST

Jennifer L. Lallite
HAUSER & ALLISON
3760 Kilroy Airport Way, Suite 260
Long Beach, CA 90806
Fax: 949-679-1112

Borchard & Callahan APC
25909 Pala #300
Mission Viejo, CA 92691
Fax: (949) 457-1666